| | | |
|---|---|---|
| ADREA THEODORE, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | 1:07CV207 |
| UNIVERSITY OF NORTH CAROLINA, ET AL., | ) ) ) ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

This matter is before the court on Plaintiff's motion for entry of default [docket no. 10] pursuant to Rule 55(a) of the Federal Rules of Civil Procedure. In response, Defendants have filed a motion to set aside Plaintiff's motion for entry of default [docket no. 14]. For the reasons set forth below, Plaintiff's motion for entry of default will be denied. To this extent, Defendants' motion to set aside the motion for entry of default will be granted.

**BACKGROUND**

On February 16, 2007, Plaintiff filed her complaint in state court, alleging pregnancy and race discrimination, as well as certain contract-based claims against her employer and its agents. (Defs.' Resp. to Pl.'s Mot. 1). On March 19, 2007, Defendants removed the case to this court. On March 26, 2007, Defendants filed a Motion for Enlargement of Time to answer Plaintiff's Complaint, seeking an additional thirty days. Plaintiff consented to the motion and this court granted the

enlargement of time, giving Defendants until May 2, 2007, to file an answer or response. (Pl.'s Br. 1).

Defendants did not file an answer or response by the May 2, 2007, deadline. At 9:52 A.M. on Thursday, May 24, 2007, Plaintiff's attorney, Caitlyn Fulghum, sent an email to Defendants' attorney, John Mann, and Thomas Ziko, Director of the Education Section for the Attorney General's Office, which said, "Did you guys file an Answer in the Theodore v. UNC case? I don't recall receiving it, and I don't have it in my pleadings notebook. I also don't seem to have any record of electronic notification of filing from the court. Please advise." (Defs.' Resp. to Pl.'s Mot. 2). After not hearing from Defendants' counsel, Plaintiff's attorney filed a Motion for Entry of Default at 7:48 P.M. that evening.

John Mann, representing Defendants, asserts that he did not submit an answer or reply by May 2, 2007, because he mistakenly marked June 2, 2007, instead of May 2, 2007, as the extended deadline. (Defs.' Resp. to Pl.'s Mot. 2). Mr. Mann also stated that he was not able to respond to Plaintiff's email on Thursday, May 24, 2007, because he was out of the office that day. (*Id.*) Upon returning to work the next morning (Friday, May 25, 2007), Defendants' counsel received and read the email message Plaintiff's attorney sent the previous day. After unsuccessfully attempting to contact Plaintiff's attorney via phone, Defendants' counsel filed their answer at 10:44 A.M. that same day.

**DISCUSSION**

Rule 55(a) provides for an entry of default if "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise." FED. R. CIV. P. 55(a). Although the clerk has not yet entered default in this case, Defendants' must nevertheless petition the court for relief from default if the defendant has failed to answer or otherwise respond within the prescribed time. *Glenn v. Communication Workers of Am.*, C/A No. 8:04-cv-23071-GRA-BHH, 2007 WL 2022186, at *3 (D.S.C. July 11, 2007) (citing *Orange Theatre Corp. v. Rayherstz Amusement Corp.*, 130 F.2d 185, 187 (3d Cir. 1942)). Defendants have essentially done so by filing a motion to set aside Plaintiff's motion for entry of default. The court must therefore consider whether Defendants' *de facto* default should be excused in this case pursuant to Rule 55(c).

A court may set aside an entry of default for good cause shown. FED. R. CIV. P. 55(c). Moreover, "the disposition of motions made under Rule[] 55(c) ... is a matter which lies largely within the discretion of the trial judge." *Consol. Masonry & Fireproofing, Inc. v. Wagman Constr. Corp.*, 383 F.2d 249, 251 (4th Cir. 1967); *see also United States v. Moradi*, 673 F.2d 725, 727 (4th Cir. 1982) (holding that "the clear policy of ... [Rule 55] is to encourage dispositions of claims on their merits, [and] trial judges are vested with discretion, which must be liberally exercised, in entering such judgments and in providing relief") (internal citations omitted). In this

vein, "it has been held in an extensive line of decisions that Rule[] 55(c) ... [should] be liberally construed in order to provide relief from the onerous consequences of defaults and default judgments." *Tolson v. Hodge*, 411 F.2d 123, 130 (4th Cir. 1969). Thus, "any doubts about whether relief should be granted should be resolved in favor of setting aside the default so that the case may be heard on the merits." *Id.*

"Generally, a default should be set aside where the moving party acts with reasonable promptness and alleges a meritorious defense." *Consol. Masonry*, 383 F.2d at 251. Furthermore, in determining whether good cause exists to set aside a judgment of default,[1] the Fourth Circuit considers other factors, such as whether the moving party will be substantially prejudiced if the default is set aside, whether the defaulting party has a history of dilatory action, and the availability of less drastic sanctions. *See Lolatchy v. Arthur Murray, Inc.*, 816 F.2d 951, 953 (4th Cir. 1987); *Moradi*, 673 F.2d at 728.

The circumstances here do not warrant an entry of default. First, although neither Mr. Mann nor Mr. Ziko responded the same day to Ms. Fulghum's email, Mr. Mann did respond promptly the next morning, no more than twenty-six hours after Ms. Fulghum sent the email. This quick response satisfies the requirement that a

---

[1] It should be noted that the court is faced with a motion for an entry of default and not for entry of a default judgment. "The Fourth Circuit, [however, has] explained at length ... that the same standard applies to motions to set aside entries of default as to motions to enter default judgment." *Bank of Southside Va. v. Host & Cook, LLC*, 239 F.R.D. 441, 450 n.12 (E.D. Va. 2007).

-4-

party act with reasonable promptness in seeking to set aside a default entry. *See United States v. $10,000.00 in U.S. Currency*, No. 1:00CV0023, 2002 WL 1009734, at *3 (M.D.N.C. Jan. 29, 2002) (holding that "the movant enter[ed] his Rule 55(c) motion with reasonable promptness" by filing his motion to set aside the entry of default seventeen days after the entry of default was filed by the clerk of court); *Cameron v. MTD Prods., Inc.*, No. Civ.A.5:03cv75, 2004 WL 3256003, at *4 (N.D. W. Va. Jan. 7, 2004) (where defendant's responsive pleadings were filed only six days after the deadline, "the failure of defendant's counsel to file an answer within the prescribed period was inadvertent and counsel acted quickly in an attempt to remedy this error"). Furthermore, Defendants have alleged a meritorious defense, Plaintiff will not be substantially prejudiced if the motion for entry of default is denied, and Defendants have not shown a history of dilatory action.

Plaintiff contends, nevertheless, that an attorney's mistake is not "good cause" for setting aside an entry of default, citing the Fourth Circuit's unpublished opinion in *Carbon Fuel Co. v. USX Corp.*, No. 97-1995, 1998 U.S. App. LEXIS 18191 (4th Cir. Aug. 6, 1998) as support. In *Carbon Fuel*, the court found that "good cause" did not exist under Rule 55(c) after counsel conceded that it was "his own lack of good judgment that led to the default" because "he was distracted with numerous other matters." *Id.* at *11. He further admitted that "had he engaged in a more thorough review of the issue at the time that the pleading was served, [he] would have concluded to file a response." *Id.*

Although attorney error led to the default in *Carbon Fuel*, the case does not

stand for the proposition that attorney error can never satisfy Rule 55(c)'s "good cause" requirement. Indeed, the Fourth Circuit has observed that "justice demands that a blameless party not be disadvantaged by the errors or neglect of his attorney which cause a final, involuntary termination of proceedings." *See Moradi*, 673 F.2d at 728 (finding that the trial court erred in refusing to set aside the default that was caused by counsel). Moreover, unlike in this case, the court in *Carbon Fuel* found that the non-defaulting party would suffer "considerable prejudice" if the entry of default were set aside and that the defaulting party had demonstrated a "history of dilatory conduct throughout the litigation." *Id.* at *13-14. Thus, the facts in *Carbon Fuel* are clearly distinguishable from the facts in this case.

**CONCLUSION**

In sum, for the reasons stated herein, the court hereby **DENIES** Plaintiff's motion for entry of default [docket no. 10] and **GRANTS** Defendants' alternative motion [docket no. 14] to set aside Plaintiff's motion for entry of default.

_____
WALLACE W. DIXON
United States Magistrate Judge

Durham, NC
August 7, 2007